UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTOPHER A. WREDE,<br><br>           Petitioner,<br><br>v.<br><br>ALBERT RAMIREZ,<br><br>           Respondent. | Case No. 1:20-cv-00011-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Kristopher A. Wrede has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 1. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**REVIEW OF PETITION**

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

INITIAL REVIEW ORDER - 1

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2. Discussion**

In the Seventh Judicial District Court for Bingham County, Idaho, Petitioner was convicted of battery of a health care worker. Petitioner received a unified sentence of three years in prison with two years fixed. Petitioner's conviction was affirmed on direct appeal.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings a single claim—that he is actually innocent of the crime of conviction because the underlying criminal conduct was a direct result of Petitioner's Asperger's syndrome, which is now categorized within the umbrella diagnosis of Autism Spectrum Disorder in the DSM-V. Petitioner also claims that it is unconstitutional, under the Eighth Amendment, "to make the Direct Product of [Petitioner's] Autism Spectrum Disorder illegal." Dkt. 1 at 3.

Petitioner's actual innocence claim is not cognizable, meaning that it cannot be raised in federal habeas corpus. *Stephenson v. Blades*, No. 1:13-CV-00285-BLW, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014) (unpublished); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not

imprisoned in violation of the Constitution—not to correct errors of fact.").[1] Therefore, the Petition appears subject to summary dismissal.

However, because Petitioner cites the Eighth Amendment, he may also be attempting to claim that his sentence is excessive.

In general, "so long as the sentence imposed does not exceed the statutory maximum," it does not violate the Eighth Amendment. *United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990), *abrogated on other grounds by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Even if the sentence is within the statutory maximum penalty, however, the sentence cannot be grossly disproportionate to the offense committed. *Graham v. Florida*, 560 U.S. 48, 59 (2010). An analysis of the gross proportionality standard must include consideration of "all of the circumstances of the case." *Id*. These circumstances include "(1) the gravity of the offense and harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." *McDougherty*, 920 F.2d at 576.

In applying this principle, the United States Supreme Court has reviewed several unquestionably harsh sentences and upheld them under the Eighth Amendment. In *Harmelin v. Michigan*, the Court upheld a judgment sentencing the defendant to a mandatory life sentence without the possibility of parole for possessing more than 650

---

[1] An assertion of actual innocence can, however, serve as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404.

INITIAL REVIEW ORDER - 3

grams of cocaine. 501 U.S. 957, 994–95 (1991). In *Rummel v. Estelle*, it did not disturb a sentence of life with the possibility of parole for a recidivist offender for the crimes of fraudulent use of a credit card to obtain $80 in goods and services, passing a forged check for $28.36, and obtaining $120.75 by false pretenses. 445 U.S. 263, 284–85 (1980). In upholding that sentence, the Court cited, as an example of a disproportionate sentence, "if a legislature made overtime parking a felony punishable by life imprisonment." *Id*. at 274 n.11.

In *Ewing v. California*, the Supreme Court affirmed a sentence of 25 years to life in prison where the defendant was convicted of felony grand theft for stealing three golf clubs worth $399 each. 538 U.S. 11, 18, 20 (2003). And in *Lockyer v. Andrade*, the Court held that a sentence of 25 years to life in prison, for stealing $150 worth of videotapes, did not warrant habeas corpus relief under the gross disproportionality principle. 538 U.S. 63, 77 (2003). As can be seen from these cases, severe penalties "may be cruel, but they are not unusual in the constitutional sense." *Harmelin*, 501 U.S. at 994.

Petitioner should keep the above standards in mind if he files an amended petition.

### ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

2. The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

DATED: April 21, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

INITIAL REVIEW ORDER - 5